UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

SANDRA LEE DESTREMPES,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Sally J. Berens

Case No. 1:18-cv-1099

# OPINION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks review of the Commissioner's decision, arguing that it was not supported by substantial evidence.

For the following reasons, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision will be **affirmed**.

# STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making a decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## PROCEDURAL POSTURE

Plaintiff filed an application for DIB on September 29, 2015, alleging that she had been disabled since November 11, 2014. (PageID.210.) Plaintiff was 54 years old at the time of the

alleged onset date. (PageID.123.) Plaintiff had previous employment as a teacher. (PageID.73.) Plaintiff's application was denied (PageID.139–42), after which time she requested a hearing before an Administrative Law Judge (ALJ). (PageID.155–56.)

On October 10, 2017, ALJ Christopher Ambrose conducted a hearing and received testimony from Plaintiff and Zachary Matthews, an impartial vocational expert. (PageID.37–121.) Plaintiff's attorney also attended the hearing. On March 8, 2018, the ALJ issued a written decision finding that Plaintiff was not entitled to benefits because she was not disabled within the meaning of the Act. (PageID.35–50.) The Appeals Council denied Plaintiff's request for review on July 26, 2018, rendering it the Commissioner's final decision in the matter. (PageID.21–23.) Plaintiff initiated this civil action for judicial review on September 19, 2018.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

After determining that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of November 11, 2014, the ALJ found that Plaintiff suffered from the following severe impairments: (1) early onset dementia with mild cognitive impairment; and (2) history of traumatic brain injury. (PageID.37.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.38.)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform a full range of work at all exertional levels subject to the following limitations:

> [N]o climbing of ladders, ropes or scaffolds; must avoid concentrated exposure to extreme cold, heat and humidity; and must avoid exposure to unprotected heights. The claimant would need to avoid concentrated exposure to environmental irritants and poorly ventilated areas. Work would be limited to simple, routine, and

repetitive tasks with one to two step instructions, and free of set² paced production requirements involving only simple work related decisions and routine work place changes.

(PageID.40.)

The ALJ found that Plaintiff could not perform her past relevant work. However, based on testimony from the vocational expert, the ALJ found that approximately 384,000 medium packer, cleaner, and dishwasher jobs existed in the national economy that an individual of Plaintiff's age, education, work experience, and RFC could perform. (PageID.49–50.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

### I. The ALJ Did Not Err by Not Ordering a Consultative Examination

Plaintiff argues that because the State agency physician ordered a consultative examination that never occurred, the ALJ should have ordered one. Plaintiff argues that the Court should remand with instructions that the Commissioner obtain a consultative examination.

Prior to March 2016, Ashok Kaul, M.D., the State agency physician, ordered a consultative examination to evaluate Plaintiff's physical abilities because the record did not contain a medical opinion about those abilities. (PageID.129, 132.) On March 15, 2016, Plaintiff's treating psychiatrist, Jeffrey Frey, D.O. (Dr. J. Frey), wrote a letter stating his belief that a medical examination would not yield any new information that was not already in Plaintiff's medical record and that requiring Plaintiff to attend an examination could exacerbate her symptoms and delay her progress. (PageID.483.) Based on Dr. J. Frey's letter, Plaintiff did not attend the examination.

---

² It appears that inclusion of the word "set" was a scrivener's error and that the ALJ actually intended "fast paced production requirements." (PageID.118.)

(PageID.108–09.) Based, in part, on Plaintiff's failure to attend the examination, the State agency found Plaintiff not disabled due to insufficient evidence. (PageID.131.) About a year and a half later, Margaret Frey, D.O. (Dr. M. Frey), Plaintiff's treating physician, submitted a function-by-function assessment about Plaintiff's physical abilities. (PageID.954–57.) The ALJ gave Dr. M. Frey's opinion "some weight" and explained his reasons for discounting it. (PageID.42.) The ALJ also addressed Plaintiff's failure to attend the scheduled consultative examination:

> Per the Social Security Administration regulations (20 C.F.R. 404.1517, 1519), we may arrange for a consultative examination to obtain independent evidence of the claimant's impairments. The failure of the claimant to cooperate with the consultative examination could result in a finding of not disabled. However, the undersigned found that there was sufficient evidence in the record to make a determination regarding disability and opted not to pursue the claimant's failure to cooperate.

(PageID.47.)

Pursuant to 29 C.F.R. § 404.1519a, the Social Security Administration "may decide to purchase a consultative examination" if it "cannot get the information [it] need[s] from [the claimant's] medical sources." *See also* 20 C.F.R. § 404.1520b(b)(2) (stating that the Social Security Administration "may," among other things, ask the claimant "to undergo a consultative examination at our expense" if it has "insufficient evidence to determine whether [the claimant] is disabled"). In *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211 (6th Cir. 1986), the court observed that the claimant bears the burden of garnering an adequate record for a disability determination and that "the regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *Id.* at 214. Here, the ALJ explained that he decided not to obtain a consultative examination because he found that the evidence in the record was adequate to allow him to determine whether Plaintiff was disabled. There was no error. *See Robertson v. Comm'r of Soc. Sec.*, 513 F. App'x 439, 441 (6th Cir. 2013) (noting that the ALJ

was not obligated to order a consultative examination "because the record contained sufficient evidence documenting the replacement of Robertson's pacemaker and its impact on him"). While there was insufficient evidence of Plaintiff's physical abilities for the State agency to make a determination of disability in March 2016, by the time of the ALJ hearing, Dr. M. Frey, Plaintiff's treating physician, had submitted a function assessment opinion on Plaintiff's physical abilities, providing the ALJ with the medical evidence he needed to evaluate Plaintiff's claim.[3] Thus, the ALJ did not abuse his discretion by failing to order a consultative examination.

## II.     The ALJ Properly Discounted Dr. M. Frey's Opinion

Plaintiff argues that the ALJ's evaluation of Dr. M. Frey's opinion about Plaintiff's physical abilities was not supported by substantial evidence. Although Plaintiff mentions the argument, she fails to develop it in any meaningful way and therefore has waived it. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) (noting that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). "It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). Plaintiff's argument regarding the ALJ's treatment of Dr. M. Frey's opinion is essentially a rehash of her argument that the ALJ should have obtained a consultative examination. (ECF No. 9 at PageID.987 ("The medical advisor for the administration involved in the original determination concluded that an exam was required for such a conclusion. . . . This cannot be considered 'substantial' evidence.").) As explained above, the ALJ was not required to obtain a consultative examination. Apart from the ALJ's failure to obtain a consultative exam, Plaintiff offers no

---

[3] It is worth noting that Plaintiff does not argue that the ALJ erred in concluding that the record at the time of the hearing was insufficient to support a decision on the claim.

7

reasoned explanation why the ALJ's reasons for discounting Dr. M. Frey's opinion were not supported by substantial evidence.

In any event, having reviewed the ALJ's decision and the record, the Court concludes that the ALJ properly evaluated Dr. M. Frey's opinion. The ALJ explained that he afforded Dr. M. Frey's opinion only "some weight" because her proffered "restrictions exceed[ed] the medical evidence of record." (PageID.42.) For example, the ALJ noted that, contrary to Dr. M. Frey's opinion, there was no evidence that Plaintiff required manipulation or postural activity limitations. (*Id.*) Similarly, the ALJ discounted Dr. M. Frey's opinion that Plaintiff was significantly limited in her ability to walk (PageID.954) based on evidence that Plaintiff had a normal and steady gait. (PageID.477 (noting that Plaintiff had a "steady and not ataxic" gait).) Further, Plaintiff did not indicate that her impairments affected her ability to walk (PageID.263), and in fact volunteered that she enjoyed doing "some running" (PageID.262). Finally, the ALJ declined to adopt Dr. M. Frey's opinion that Plaintiff had to avoid all exposure to atmospheric conditions, such as dust, chemicals, and fumes (PageID.956), in light of Plaintiff's own admissions that her asthma was "well controlled" and she rarely had asthma attacks. (PageID.40 (citing PageID.248).) Thus, the ALJ properly restricted Plaintiff from "concentrated exposure" to environmental conditions and irritants. (PageID.40.) In short, Plaintiff has not shown that the ALJ's evaluation of Dr. M. Frey's opinion was not supported by substantial evidence.[4]

Thus, the Commissioner's decision was in accordance with applicable law and supported by substantial evidence.

---

[4] On the last page of her brief, Plaintiff quotes Dr. J Frey's opinion about Plaintiff's mental abilities. (ECF No. 9 at PageID.988 (quoting PageID.962).) It is not clear why Plaintiff cites Dr. J. Frey's opinion regarding Plaintiff's mental abilities when her argument concerns Plaintiff's physical limitations. To the extent Plaintiff intended to argue that the ALJ's evaluation of Dr. J. Frey's opinion was not supported by substantial evidence, her lack of any effort to develop the argument constitutes waiver, as explained above. An independent review of the record does not suggest that the ALJ's decision was not supported by substantial evidence.

## CONCLUSION

For the reasons stated herein, the Commissioner's decision is **affirmed**.

An Order consistent with this Opinion will enter.

Dated: March 16, 2020         /s/ Sally J. Berens
                              SALLY J. BERENS
                              U.S. Magistrate Judge